NOT DESIGNATED FOR PUBLICATION

Nos. 118,957
118,958

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ANGELA D. TUCKER,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; BENJAMIN L. BURGESS, judge. Opinion filed November 9, 2018. Affirmed in part and dismissed in part.

Submitted for summary disposition pursuant to K.S.A. 2017 Supp. 21-6820(g) and (h).

Before MALONE, P.J., LEBEN and POWELL, JJ.

PER CURIAM: Angela Tucker appeals the district court's decision to revoke her probation and send her to prison after she violated her probation. She argues that the court abused its discretion by not giving her another chance on probation.

Traditionally the district court has had broad discretion in deciding whether to revoke probation and impose the underlying prison sentence when a defendant violates probation. See *State v. Skolaut*, 286 Kan. 219, 227-28, 182 P.3d 1231 (2008); *State v. Graham*, 272 Kan. 2, 4, 30 P.3d 310 (2001). That discretion is now limited in felony cases so that usually the court must first impose an intermediate sanction, such as a two- or three-day jail stay, for the first probation violation. But there's an exception if the

defendant has committed a new crime; in that case, the court may revoke probation without first imposing an intermediate sanction. See K.S.A. 2017 Supp. 22-3716(b) and (c).

That exception applied in Tucker's case. While she was on probation for several prior offenses (including felony theft and identity theft), Tucker admitted committing the new crimes of possession of drug paraphernalia, driving while suspended, and having expired vehicle tags.

Once the defendant commits a new crime while on probation, then, the district court may revoke the probation and order that the defendant serve the prison sentence. A court abuses its discretion only when its decision is based on a factual or legal error or when no reasonable person would agree with the decision. *State v. McCullough*, 293 Kan. 970, 980-81, 270 P.3d 1142 (2012); *State v. Gumfory*, 281 Kan. 1168, Syl. ¶ 1, 135 P.3d 1191 (2006).

Tucker hasn't suggested a factual or legal error, and we conclude that a reasonable person could agree with the district court's decision. As the district court noted, Tucker tested positive for cocaine, committed new crimes, failed to report, and failed to provide documentation of her disability to her probation officer. Those facts provided a reasonable basis for the district court's decision.

On Tucker's motion, we accepted this appeal for summary disposition under K.S.A. 2017 Supp. 21-6820(g) and (h) and Supreme Court Rule 7.041A (2018 Kan. S. Ct. R. 47). We have reviewed the record available to the district court, and we find no error in its decision to revoke Tucker's probation.

Tucker also claims the district court violated her rights under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), when it used her prior

2

criminal history to increase her sentence without requiring the State to prove that criminal history to a jury beyond a reasonable doubt. But Tucker did not timely appeal her sentence, which was imposed May 24, 2017. See K.S.A. 2017 Supp. 22-3608(c); *State v. Inkelaar*, 38 Kan. App. 2d 312, 317-18, 164 P.3d 844 (2007) (holding that defendant's notice of appeal was timely only as to his probation revocation and not as to his original sentence). Because Tucker did not timely appeal her sentence, we have no jurisdiction to address her sentencing issue. Even if we had jurisdiction to address the issue, we note that our Supreme Court has resolved this issue contrary to Tucker's position in *State v. Ivory*, 273 Kan. 44, 46-47, 41 P.3d 781 (2002).

Affirmed in part and dismissed in part.